IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CARL RUPERT SMITH, #137 787, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 2:15-CV-20-MHT
) [WO]
CORIZON HEALTH SERVICES, )
*et al.*, )
)
Defendants. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action involves a dispute over the adequacy of medical care and treatment afforded Plaintiff, an inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama. Plaintiff names as defendants Corizon, LLC, Darryl Ellis, Michele Sagers-Copeland, and Domineek Guice. Plaintiff seeks damages and injunctive relief for the alleged violation of his constitutional rights. *Doc. No. 1*.

Defendants filed an answer, special report, and supporting evidentiary materials addressing Plaintiff's claims for relief. In these documents, Defendants argue this case is due to be dismissed because prior to filing this cause of action Plaintiff failed to properly exhaust an administrative remedy available to him through the prison system's medical care provider, Corizon, Inc., prior to initiation of this case. *Doc. No. 13*, at 12-15. Defendants base their exhaustion defense on Plaintiff's failure to submit any medical grievances regarding the claims presented. *Id., Sagers-Copeland Affidavit*. In addition, Defendants maintain, and the evidentiary materials, including Plaintiff's medical records,

indicate that Plaintiff received appropriate medical treatment during the time relevant to the matters alleged in the instant complaint. *See Doc. No. 13, Ellis, Sagers-Copeland, & Guice Affidavits & Exh. A.* On April 13, 2015, the court provided Plaintiff an opportunity to file a response to Defendants' report in which he was advised to "specifically address Defendants' argument that he [] failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ('PLRA')." *Doc. No. 17* at 1 (footnote omitted). On May 5, 2015, the court granted Plaintiff's request for additional time to file his response. *Doc. No. 19*. Plaintiff has filed no response within the time allowed by the court.

"[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotations omitted); *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies"). Therefore, the court will treat Defendants' report as a motion to dismiss.

## I. STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e regarding exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is

> precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). The court has, therefore, determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade Cnty. Corr. and Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012). The court will "resolve this issue first." *Id*.

> When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. "If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir.2008) (*citing Bryant*, 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make "specific findings in order to resolve the disputed factual

> issues related to exhaustion." *Id*. (*citing Bryant*, 530 F.3d at 1373-74, 1376).

*Myles*, 476 F. App'x at 366. A district court

> may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See [Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376.

*Trias*, 587 F. App'x at 535.

Upon review of the complaint, Defendants' special report, and the evidentiary materials filed in support thereof, the court concludes that Defendants' motion to dismiss is due to be granted.

**II. DISCUSSION**

Plaintiff challenges the adequacy of medical care received at the Staton Correctional Facility for a heart condition. *Doc. No. 1*. In response to the complaint, Defendants deny that they provided Plaintiff with constitutionally inadequate medical care and argue this case is subject to dismissal because Plaintiff failed to exhaust the administrative remedy provided by the institutional medical care provider prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *Doc. No. 13, Sagers-Copeland Affidavit, Exh. A.* As explained, federal law directs this court to treat Defendants' response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant*, 530 F.3d at 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander*, 159 F.3d at 1325; *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Id*. at 93.

> Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage.

*Id*. at 90-91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation

Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. *Id*. at 83-84; *Bryant,* 530 F3d at 1378 (quoting *Johnson v. Meadows*, 418 F3d 1152, 1158 (11th Cir. 2005) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson*, 418 F.3d at 1157 (inmate who files an untimely grievance or spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam).

The record is undisputed that the health care provider for the Alabama Department of Corrections provides a grievance procedure for inmate complaints related to the provision of medical treatment. *Doc. No. 13, Sagers-Copeland Affidavit*. Defendants submitted evidence which reflects that when inmates are processed into the custody of the Alabama Department of Corrections they are informed of the process and procedure for obtaining medical care and medication and are also educated about the availability of the medical grievance process whereby they may voice complaints regarding any medical treatment sought or received during their incarceration. *Id.* Inmate grievance forms are available to inmates at Staton to submit a grievance related to the provision of health

care, inmate grievances are answered within approximately ten days of receipt of the grievance, and the inmate grievance form provides information about how an inmate may appeal the response he receives to his initial inmate grievance. *Id*. A written response to a formal grievance appeal is provided in approximately ten days of receipt. *Id*. Inmates are provided with a copy of the completed grievance and/or grievance appeal containing the health service administrator's response. *Id*. Defendants state Plaintiff has submitted no medical grievances or medical grievance appeals of any kind nor did he ever request any assistance in notifying the Staton medical staff of any complaints, concerns or grievances he possessed relative to the medical care he has received at Staton. *Id.; Exh. A*.

The court granted Plaintiff an opportunity to respond to the exhaustion defense raised by Defendants in their motion to dismiss but he did not do so. *Doc. No. 17*. The court, therefore, finds that a grievance system is available at Staton for Plaintiff's claims, but he failed to exhaust the administrative remedy available to him. Plaintiff does not dispute his failure to submit any grievances related to the provision of his medical care at Staton, and the unrefuted record before the court demonstrates he failed to properly exhaust an administrative remedy available to him at Staton regarding his allegation of inadequate medical care prior to seeking federal relief, a precondition to proceeding in this court on his claims. Any grievances filed after initiation of this federal cause of action have no bearing on Plaintiff's proper exhaustion of the administrative remedy provided by the facility's medical provider. *Terry*, 491 F. App'x at 83.

Accordingly, Defendants' motion seeking dismissal for Plaintiff's failure to exhaust available administrative remedies should be granted, and such dismissal should be without prejudice. *See Ngo*, 548 U.S. at 87-94; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice); *Woodford*, 548 U.S. at 87-94.

## IV. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. The motion to dismiss filed by Defendants (*Doc. No. 13*) be GRANTED as Plaintiff failed to properly exhaust an administrative remedy available to him at the Staton Correctional Facility prior to filing this federal civil action;

2. This case be DISMISSED without prejudice against Defendants under 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy.

3. No costs be taxed.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 2, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 18th day of June, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE